ROSENDO GONZALEZ (State Bar No. 137352)
CHAPTER 7 TRUSTEE
530 South Hewitt Street, Suite 148
Los Angeles, CA  90013
Telephone: (213) 452-0071
Facsimile: (213) 452-0080
E-mail: rossgonzalez@gonzalezplc.com

**FILED & ENTERED**

**NOV 21 2016**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY bakchell  DEPUTY CLERK**

**NOT FOR PUBLICATION** **CHANGES MADE BY COURT**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | | |
|---|---|---|
| In re: | ) | No. 2:14-bk-25970-RK |
| | ) | |
| FRANCISCO G. ZORRILLA and ROSA I. ZORILLA, | ) ) | Chapter 7 |
| | ) | |
| Debtors. | ) ) ) ) ) ) ) ) ) ) | ORDER ON TRUSTEE'S EMERGENCY MOTION FOR TURNOVER OF PROPERTY [15311 Lanning Drive, Whittier, California 90605], OR IN THE ALTERNATIVE, FOR IMMEDIATE ACCESS TO THE PROPERTY |

The court has reviewed and considered the motion of Rosendo Gonzalez, the Chapter 7 trustee in this bankruptcy case (the "Trustee"), seeking, on an emergency basis pursuant to Local Bankruptcy Rule 9075-1 and Section 542 of the Bankruptcy Code, turnover of the real property commonly described as 13511 Lanning Drive, Whittier, California 90605 (the "Lanning Property"), or in the alternative, immediate access to the Lanning Property (the "Motion")[OFFICIAL DOCKET NO. 35].

Having reviewed and considered the Motion, the court denies the Motion without prejudice for the following reasons:

1. Although Trustee's Motion is styled as an "Emergency Motion," Trustee does not follow the procedures for emergency motions as set forth in Local Bankruptcy Rule 9075-1(a)(1) in that he did not request a hearing, nor did Trustee telephone chambers to request a hearing in accordance with Local Bankruptcy Rule 9075-1(a)(2).

2. Emergency motions contemplated under Local Bankruptcy Rule 9075-1(a)(1) are those motions requiring an order on less than 48 hours notice.  The circumstances described in the "Trustee's Emergency Motion" are not ones which require an order on less than 48 hours notice.  Indeed, Trustee in the Motion only requests that an order be entered requiring access to the subject property or turnover within 3 business days of entry of the order granting such access or turnover. Motion at 9.

3. Trustee's Motion appears to request a ruling without a hearing after notice pursuant to Local Bankruptcy Rule 9013-1(p), even though a motion for turnover may not be brought under Local Bankruptcy Rule 9013-1(p).

4. The applicable local rule for emergency consideration of motions is Local Bankruptcy Rule 9075-1 which provides for hearings on emergency motions or motions on shortened time with notice; the local rule does provide for *ex parte* consideration of a motion for turnover as is requested here.

5. Alternatively, aside from Local Bankruptcy Rule 9013-1(d) governing motions heard on regular 21 days notice, another applicable local rule for a motion for turnover is Local Bankruptcy Rule 9013-1(o)(1), which requires notice of an opportunity for a hearing, which Trustee did not provide to

Debtors.  Given that Trustee did not telephone chambers to request an emergency hearing, nor does Trustee in his Motion provide any discussion of an "emergency," the court construes Trustee's Motion as a motion under Local Bankruptcy Rule 9013-1(o), which the court observes is cited in the Motion's caption.  However, Trustee did not properly notice the Motion in accordance with Local Bankruptcy Rule 9013-1(o)(1).

6. If Trustee believes that this matter is urgent and should be heard on shortened notice, he could apply for a hearing on shortened notice for a non-emergency motion and follow the procedures set forth in Local Bankruptcy Rule 9075-1(b), including the filing of an application for hearing on shortened notice setting forth the reasons for shortened notice and supported by a declaration or declarations under penalty of perjury setting forth the facts that justify a hearing on shortened notice and demonstrate a prima facie basis for the relief requested.

IT IS SO ORDERED.

###

Date: November 21, 2016

_____
Robert Kwan
United States Bankruptcy Judge